UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARC RICHARD VAN SLYKE,<br><br>        Plaintiff,<br><br>    v.<br><br>SNOHOMISH COUNTY SHERIFF'S OFFICE CORRECTIONS BUREAU,<br><br>        Defendant. | Case No. 2:22-cv-01531-JLR-TLF<br><br>ORDER DECLINING TO SERVE AND GRANTING LEAVE TO AMEND THE COMPLAINT |

This matter is before the Court on plaintiff's filing of a civil rights complaint. Dkt. 1-1. Plaintiff has also filed motions for service, to join additional defendants and for counsel. Dkts. 4, 5. Plaintiff has been granted *in forma pauperis* status in this matter and is proceeding *pro se*. Considering deficiencies in the complaint discussed below, however, the undersigned will not direct service of the complaint at this time. On or before **December 30, 2022**, plaintiff must file an amended complaint correcting the deficiencies identified below.

## BACKGROUND

Plaintiff, a prisoner currently confined at Larch Corrections Center, alleges his First Amendment rights were violated while he was detained at the Snohomish County Jail. Dkt. 1-1. Plaintiff's complaint alleges his claim against a single defendant, the "Snohomish County Sheriff's Bureau of Corrections" and contends his religious rights were violated when he was denied access to Passover meals. *Id*. at 4–5. Plaintiff

ORDER DECLINING TO SERVE AND GRANTING
LEAVE TO AMEND THE COMPLAINT - 1

subsequently filed a motion to add as defendants Supervisor of Classifications Parker, Captain J. Kane, Lieutenant A. Downing, and an unidentified "Chaplain" but has not submitted a proposed amended complaint. Dkt. 3.

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by* Neitzke v. Williams, 490 U.S. 319 (1989).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Const., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) plaintiff suffered a violation of rights "secured by the Constitution and laws of the United States", and (2) "the alleged deprivation was committed by a person acting under color

1    of state law". *West v. Atkins*, 487 U.S. 42, 48 (1988); *Benavidez v. County of San
2    Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). The first step is to identify the specific
3    constitutional or statutory right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271
4    (1994).
5           To satisfy the second prong, a plaintiff must allege facts showing how individually
6    named defendants caused, or personally participated in causing, the harm alleged in
7    the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus.
8    Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a
9    deprivation of a constitutional right when committing an affirmative act, participating in
10   another's affirmative act, or omitting to perform an act which is legally required. *Johnson
11   v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an
12   official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983
13   suit cannot be based on vicarious liability alone, but must allege the defendant's own
14   conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378,
15   385-90 (1989).
16          The Court has screened plaintiff's complaint and, although it alleges facts that
17   potentially implicate the First Amendment, the complaint does not name a legally proper
18   defendant. Plaintiff has brought a motion to add individual defendants, but has not filed a
19   proposed amended complaint alleging claims against them.
20   **A.     Improper Defendant**
21          Plaintiff's complaint names only one defendant: the "Snohomish County Sheriff's
22   Office Corrections Bureau." Dkt. 1-1 at 3. But defendant "Snohomish County Sheriff's
23   Office" is not a proper defendant. Rather, the proper defendant is the municipality,
24
25

Snohomish County. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

To set forth a § 1983 claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Monell*, 436 U.S. at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Monell,* 436 U.S. at 694; *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021).

A municipality "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original). Similarly, mere negligence in training employees cannot support municipal liability; instead, plaintiff must allege facts demonstrating the failure to train amounts to deliberate indifference to the rights of those who deal with municipal employees. *City of Canton*, 489 U.S. at 388–89. Finally, a single incident of unconstitutional action is generally insufficient to state a claim for municipal liability. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021).

Plaintiff has not named Snohomish County as a defendant and has also not alleged facts to show Snohomish County is liable. *See* Dkt. 1-1. If Plaintiff seeks to sue Snohomish County, he must name Snohomish County as a defendant and allege facts

sufficient to meet the required elements of a claim against a municipality and show Snohomish County violated his constitutional or statutory rights.

## B. Individual Defendants

After filing his original complaint, plaintiff filed a motion to amend his complaint which lists four individuals he wishes to add as defendants: Supervisor of Classifications Parker, Captain J. Kane, Lieutenant A. Downing and an unidentified "chaplain." Dkt. 5.

Because the complaint has not yet been served, plaintiff is permitted to amend his complaint as a matter of course, without leave of court. Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course" within 21 days of service). However, plaintiff may not file piecemeal documents comprising his complaint. Instead, he must follow the Federal Rules of Civil Procedure and submit an amended complaint containing all of his claims against all of the parties that he seeks to bring in this action.

If plaintiff wishes to add new individual defendants, he must allege facts sufficient to demonstrate how each defendant personally participated in a violation of plaintiff's rights. A person deprives another of a constitutional right, within the meaning of § 1983, "'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). Relevant to claims against supervising defendants, moreover, plaintiff should be aware that he cannot rely on supervisory liability alone as the basis for his cause of action.

> Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations,

or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability [that is, supervisory liability] under [§] 1983.

*Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).

With respect to the unidentified "chaplain" defendant, plaintiff is cautioned that the use of unidentified or "John Doe" defendants is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Although a plaintiff may be given an opportunity after filing a lawsuit to discover the identity of unknown defendants through discovery, the use of Doe defendants is problematic because those persons cannot be served with process until they are identified by their real names. Plaintiff must provide the names of defendants identified as Jane/John Doe.

Plaintiff will be allowed to file an amended complaint naming each defendant against whom he alleges claims and must provide a short, plain statement explaining exactly what each defendant did or failed to do and how the actions violated Plaintiff's rights.

C.   **Motion to Compel Service (Dkt. 4)**

Plaintiff seeks an order directing the service of his complaint. Dkt. 4. As discussed above, because the complaint is deficient, the Court declines to serve the complaint and permits plaintiff to file an amended complaint correcting the identified deficiencies. Plaintiff's request for service of his originally filed complaint is therefore DENIED.

D.   **Motion for Counsel (Dkt. 5)**

Plaintiff has filed a motion seeking the appointment of counsel. Dkt. 5. Plaintiff's motion simply requests counsel, but does not argue why an appointment of counsel is warranted in this case.

ORDER DECLINING TO SERVE AND GRANTING
LEAVE TO AMEND THE COMPLAINT - 6

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff has not alleged complex facts or law. Plaintiff articulated the factual basis of his claims in a fashion understandable to the Court, even though the complaint does not state a claim under 42 U.S.C. § 1983 at this time. As the Court has screened and declined to serve plaintiff's Complaint, there is currently no showing of likelihood of success on the merits.

Accordingly, plaintiff has failed to show appointment of counsel is appropriate at this time. Plaintiff's motion for appointment of counsel (Dkt. 5) is therefore denied without prejudice.

**CONCLUSION**

Due to the deficiencies described above, the Court will not serve the complaint; in addition, plaintiff's motion to compel service (Dkt. 4) is DENIED. For the reasons discussed above, plaintiff's request for counsel (Dkt. 5) is also DENIED.

If plaintiff intends to pursue this § 1983 civil rights action, he must file an amended complaint on or before **December 30, 2022** and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474.

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is also directed to send copies of this Order and Pro Se Instruction Sheet to plaintiff.

Dated this 30th day of November, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge