UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARC RICHARD VAN SLYKE,

                Plaintiff,

v.

SNOHOMISH COUNTY, et al.,

                Defendants.

Case No. 2:22-cv-01531-JLR-TLF

REPORT AND RECOMMENDATION

Noted for   July 24, 2024

Plaintiff (unrepresented and proceeding *in forma pauperis*) brings this action against defendants Snohomish County, and various Snohomish County Jail (SCJ) employees. Dkt. 12. Plaintiff alleges defendants violated his rights under the First and Fourteenth Amendments and the Religious Freedom Restoration Act (RFRA) by preventing him from signing up for Passover meals while he was detained at the SCJ from February 18, 2022, to August 16, 2022. *Id.* Plaintiff's complaint states that he seeks damages and injunctive relief. *Id.* at 15.

On November 14, 2023, defendants filed a motion for summary judgment. Dkt. 38. On the same date plaintiff filed a notice with the Court that he was being released from custody and provided the Court with his new address.[1] Dkt. 45. On November 21, 2023, the Court issued an order extending the deadlines for briefing on defendants'

---

[1] The Court notes that the motion for summary judgment was served on plaintiff at Stafford Creek Correction Center, where, according to plaintiff's filings, he was detained until November 16, 2024, as well as at his new out-of-custody address where plaintiff indicated he would reside as of November 16, 2024. Dkts. 38, 46.

REPORT AND RECOMMENDATION - 1

motion for summary judgment based on plaintiff's prior representation that, upon their release, they intended to seek counsel.[2] Dkt. 47. Since the indicated date of plaintiff's release from custody they have not filed any opposition or other response to defendant's motion for summary judgment; time to do so has expired. Plaintiff has not filed any other document with the Court.

By order dated April 4, 2024, the Court noted that because plaintiff indicated they were being released from custody and failed to respond to defendants' motion for summary judgment it was unclear whether plaintiff wished to pursue the action at that juncture. Dkt. 48. The Court therefore indicated the time for preparing a Report and Recommendation concerning defendants' summary judgment motion would be extended for a short time and allowed plaintiff an opportunity to clarify their intentions regarding any continuing litigation of the issues. *Id.*

The Court further noted that because the record indicated plaintiff was no longer detained at SCJ, and, in fact, had been released from custody entirely, it appeared that plaintiff's claims for injunctive relief may be moot.[3] *Id. See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) (finding plaintiff's injunctive relief claims under RLUIPA and § 1983/First Amendment moot because he had been released from custody); *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) ("Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim."). *Id.*

---

[2] The Court notes that this order, sent to plaintiff's updated out-of-custody address, was not returned as undeliverable.

[3] The Court noted that plaintiff's release from SCJ would ***not*** render his claims for damages moot.

REPORT AND RECOMMENDATION - 2

| | |
|---|---|
| 1 | Accordingly, the Court ordered plaintiff to provide a status update, not later than |
| 2 | April 29, 2024, informing the Court whether they wished to proceed with this action or |
| 3 | wished to voluntarily dismiss the action without prejudice. The Court also directed |
| 4 | plaintiff to file a response to the pending motion for summary judgment (Dkt. 38) by April |
| 5 | 29, 2024, to clarify their intention to pursue, or abandon, this action. *Id.* Plaintiff was |
| 6 | advised that if they failed to respond to the Court's order in a timely fashion, the Court |
| 7 | may either treat the facts asserted by defendants in their motion for summary judgment |
| 8 | as undisputed, or the Court may, after considering the appropriate factors, recommend |
| 9 | that the case be dismissed for plaintiff's failure to prosecute and failure to comply with a |
| 10 | court order. *Id.* The Court further directed plaintiff and counsel for defendants to show |
| 11 | cause by April 29, 2024, why plaintiff's claims for injunctive relief should not be |
| 12 | dismissed as moot. *Id.* |
| 13 | On April 26, 2024, defendants filed a response to the Court's April 4, 2024, order |
| 14 | and argued that plaintiff's claims for injunctive relief should be dismissed as moot – |
| 15 | because he had been released from confinement. Dkt. 49. |
| 16 | On April 29, 2024, the Court's April 4, 2024, order that had been sent to plaintiff |
| 17 | was returned as undeliverable. Dkt. 50. |
| 18 | Pursuant to Local Civil Rule 42(b)(2), a party proceeding *pro se* shall keep the |
| 19 | Court and opposing parties advised of their current mailing address. Local Rules, W.D. |
| 20 | Wash. (LCR) 41(b)(2). If mail directed to a *pro se* plaintiff by the Clerk is returned by the |
| 21 | Postal Service, and if such plaintiff fails to notify the Court and opposing parties within |
| 22 | 60 days thereafter of their current mailing address, the Court may dismiss the action |
| 23 | without prejudice for failure to prosecute. *Id.* |
| 24 | |
| 25 | |

REPORT AND RECOMMENDATION - 3

      Plaintiff has failed to file any documents or participate in any way in litigating this action since filing the notice of change of address on November 14, 2023. They have failed to file a response to the Court's order for a status report, or a response to the defendants' motion for summary judgment. Additionally, plaintiff has not provided the Court with their latest current address; more than 60 days have passed since a mailing directed to plaintiff was returned by the Postal Service. As plaintiff has failed to prosecute this case and failed to comply with the Court's Local Civil Rules, the Court recommends plaintiff's amended complaint (Dkt. 12) and this case be dismissed without prejudice. The Court further recommends that defendants' pending motion for summary judgment (Dkt. 38) be stricken or denied as moot. A proposed order and judgment accompany this report and recommendation.

      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **July 24, 2024**, as noted in the caption.

      Dated this 9th day of July, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4